JS - 6

**LINKS: 56, 61**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3857 GAF (PLAx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Larry Walker v. City of Los Angeles | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION AND BACKGROUND**

On April 30, 2009, Plaintiff Larry Walker ("Walker) commenced this action in Los Angeles County Superior Court against his employer, the City of Los Angeles ("the City"), based on his improper termination after he had a stroke.  (Docket No. 1, Not. of Removal, Ex. A [Original Compl.].)  The City removed the case to this Court on May 29, 2009.  (Not. of Removal.)  Walker subsequently filed first, second, and third amended complaints.  (Docket Nos. 14, 30, 31.)  On January 26, 2010, the Court dismissed with prejudice four of the Third Amended Complaint's (TAC) causes of action, leaving only claims for violation of the Equal Protection Clause, breach of contract, and invasion of privacy.  (Docket No. 35, 1/26/10 Order at 4–13.)  The parties stipulated to dismiss Walker's Equal Protection Clause claim, and the Court accordingly dismissed that claim on October 28, 2010.  (Docket Nos. 48, 49.)  The remaining claims allege (1) breach of an oral agreement that Walker would not be demoted, discharged, or otherwise disciplined except for good cause and with notice and an opportunity to be heard and that he would be evaluated in a fair and objective manner; and (2) invasion of privacy for publicly telling others that Walker had had a stroke.  (TAC ¶¶ 147–66.)

On November 3, 2010, after the Court had dismissed Walker's sole remaining federal claim, Walker filed a motion to remand this case to state court.  (Docket No. 50.)  The Court denied the motion on the ground that Walker's breach of contract claim actually presented a federal question because it was completely preempted by the Labor Management Relations Act,

JS - 6

**LINKS: 56, 61**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3857 GAF (PLAx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Larry Walker v. City of Los Angeles | | |

which provides exclusive federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." (Docket No. 62, 11/29/10 Order, at 2, 4.)

    Presently before the Court is the Defendants' motion for summary judgment. Walker filed no opposition to that motion, and instead filed only a Request for a Continuance under Federal Rule of Civil Procedure 56(f). The Court **DENIES** Plaintiff's request, **GRANTS** Defendants' motion **in part**, and **REMANDS** Platiniff's invasion of privacy claim to state court.

## II. DISCUSSION

### A. LEGAL STANDARD FOR SUMMARY JUDGMENT

    Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Thus, when addressing a motion for summary judgment, the Court must decide whether there exists "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Id. at 256. The moving party can meet this burden by presenting evidence establishing the absence of a genuine issue or by "pointing out to the district court . . . that there is an absence of evidence" supporting a fact for which the nonmoving party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). To defeat summary judgment, the nonmoving party must put forth "affirmative evidence" that shows "that there is a genuine issue for trial." Anderson, 477 U.S. at 256–57. The nonmoving party cannot prevail by "simply show[ing] that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the nonmoving party must show that evidence in the record could lead a rational trier of fact to find for it. See id. at 587. In reviewing the record, the Court must believe the nonmoving party's evidence, and must draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

### B. APPLICATION

#### 1. BREACH OF CONTRACT CLAIM

    Among other things, Defendants contend that they are entitled to summary judgment because Walker did not attempt to exhaust the grievance procedures provided for in the

JS - 6

**LINKS: 56, 61**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3857 GAF (PLAx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Larry Walker v. City of Los Angeles | | |

collective bargaining agreement.  (Mem. at 9–11.)  This argument prevails.

The Memorandum of Understanding (MOU) between the City and Walker's union provides grievance procedures for disputes "concerning the interpretation or application of this written Memorandum of Understanding or departmental rules and regulations governing personnel practices or working conditions applicable to employees covered by this Memorandum of Understanding."  (Declaration of Paula Adams, Ex. A at 10.)  Walker bases his breach of contract claim on (1) Defendants' alleged failure to reinstate him after his stroke, in violation of their promise not to demote or discharge him without good cause and notice and an opportunity to be heard, and (2) for taking vacation time from him under Personnel Procedures Manual Section 12.150.  (Declaration of Nathan V. Okelberry, Ex. B [Plaintiff's Supp. Responses to Defendant's Special Interrogatories], at 6–8.)  These claims concern "departmental rules and regulations governing personnel practices" and thus were subject to the MOU's grievance procedures.  It is undisputed that Walker did not follow these procedures.  (Okelberry Decl., Ex. A [Deposition of Larry Walker] at 239:22–240:1.)

"Generally, a bargaining unit employee may not bring an action for breach of the collective bargaining agreement unless he has exhausted the contractual grievance procedures."  Jackson v. S. Cal. Gas Co., 881 F.2d 638, 646 (9th Cir. 1989).  Walker has offered no explanation why this rule does not apply here or why he is excused from exhausting his grievances pursuant to the MOU.  His request for a Rule 56(f) continuance makes no argument about what additional facts he could uncover to refute this defense.  Indeed, he made no arguments relevant to the breach of contract claim at all.  The Court therefore **GRANTS** summary judgment to the Defendants on Walker's breach of contract claim.

### 2. INVASION OF PRIVACY CLAIM

Having granted Defendants summary judgment on Walker's breach of contract claim, only the invasion of privacy claim remains in this case.  Invasion of privacy is a state-law claim.  Thus, before deciding the summary judgment motion, this Court will first consider whether it should continue to exercise supplemental jurisdiction over this claim.  It concludes that it should not and accordingly declines to rule on the motion for summary judgment on this claim and instead **REMANDS** the case, with only this claim remaining, to state court.

### *1. Standard for Exercising Supplemental Jurisdiction*

JS - 6

LINKS: 56, 61

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3857 GAF (PLAx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Larry Walker v. City of Los Angeles | | |

      Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). While the presence of any of these factors will authorize the Court to decline to exercise supplemental jurisdiction over state-law claims, the Court's discretion "is informed by the . . . values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

      The Court concludes that this is just such a "usual" case. The fact that the Court has disposed of all claims over which it has original jurisdiction—and thus that state law claims now predominate—is dispositive here. The Court has not invested time familiarizing itself with Plaintiff's remaining invasion of privacy claim and the supporting facts, and it will not undermine judicial economy to remand this claim for the state court to decide. The Court therefore **REMANDS** Walker's last remaining claim for invasion of privacy to the Los Angles County Superior Court.

**C. RULE 56(F) REQUEST**

Federal Rule of Civil Procedure 56(f) provides in pertinent part:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken . . . .

Fed. R. Civ. P. 56(f).

JS - 6

LINKS: 56, 61

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3857 GAF (PLAx) | Date | December 9, 2010 |
|---|---|---|---|
| Title | Larry Walker v. City of Los Angeles | | |

      In considering a Rule 56(f) motion, "[t]he district court has discretion to continue a motion for summary judgment if the opposing party needs to discover essential facts." Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir.1990); see also Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir. 1981) ("Before summary judgment may be entered against a party, that party must be afforded . . . an adequate opportunity to respond. Implicit in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop 'facts essential to justify (a party's) opposition' to the motion." (quoting Fed. R. Civ. P. 56) (alteration in original)).

      The party seeking a continuance under Rule 56(f) must "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cnty. of S.F., 441 F.3d 1090, 1100 (9th Cir. 2006). In addition, the party seeking a continuance must show it was diligent in pursuing discovery. See Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). A Rule 56(f) declaration "need not be presented in a form suitable for admission as evidence at trial, so long as it rises sufficiently above mere speculation." Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1206 (1st Cir. 1994).

      As noted, Walker did not even mention a single fact that would bear on his breach of contract claim. Because he has failed to meet this fundamental requirement, the Court will not address whether he was diligent in pursuing his discovery. Plaintiff's request for a Rule 56(f) continuance is **DENIED**.

### III.  CONCLUSION

      For the foregoing reasons, the Court **DENIES** Plaintiff's request for a continuance under Federal Rule of Procedure 56(f) and **GRANTS** Defendants summary judgment on Plaintiff's breach of contract claim. The Court **REMANDS** the remaining invasion of privacy claim to the Los Angeles County Superior Court. The hearing previously scheduled for December 13, 2010, is hereby **VACATED**.

      **IT IS SO ORDERED.**